UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

SHATEE DENMARK,

                       Plaintiff,

              -against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Shatee Denmark ("plaintiff" or "Mr. Denmark") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

9. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

10. On or about February 8, 2015, Mr. Denmark was sitting outside of 151 North Elliott Walk, Brooklyn, NY 11205.

11. Police officers approached and asked for his identification.

12. Mr. Denmark did not have an ID, but tried to cooperate with the

officers by telling them his name and spelling it for them.

13. The officers told Mr. Denmark that he had a warrant and would be taken to jail.

14. Although Mr. Denmark believed that this was a mistake, he stood up to allow himself to be handcuffed.

15. The officers then falsely claimed that he was resisting arrest.

16. The officers beat him with their hands and feet, and they hit him with metal batons in his head and face.

17. The officers also sprayed Mr. Denmark in the face with mace and shot him with a taser.

18. Mr. Denmark had a cast on one of his arms, and the officers closed the cuff over it and contorted his arms painfully behind his back.

19. Mr. Denmark was taken to Kings County Hospital.

20. He was later transported to the precinct and central booking.

21. When he was brought before the judge, she allowed him to be taken to Brooklyn Hospital.

22. All charges against Mr. Denmark were ultimately dismissed.

## FIRST CLAIM
## 42 U.S.C. § 1983

23. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

24. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Unlawful Stop and Search**

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
**False Arrest**

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated plaintiff's Fourth and Fourteenth Amendments because they arrested him without probable cause.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Failure To Intervene

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

34. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on him.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SIXTH CLAIM
### Malicious Prosecution

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of plaintiff's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The individual defendants created false evidence against plaintiff.

45. The individual defendants forwarded false evidence to prosecutors in the District Attorney's office.

46. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   December 23, 2016
         New York, New York


                                        ___/s_____
                                        Juliene Munar
                                        Wright & Marinelli LLP
                                        305 Broadway, Suite 1001
                                        New York, New York 10007
                                        (212) 822-1427

                                        *Attorney for plaintiff*